UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LENIOR, SR., RABIHAH LENIOR, STEVEN LENIOR & TEDDY LENIOR, JR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>DETECTIVE ARIAS; COUNTY OF LOS ANGELES; DOES 1-10, inclusive,<br><br>    Defendants. | Case No. **CV 09-2616 DSF (MANx)**<br><br>**[PROPOSED]** **PROTECTIVE ORDER** |

UPON MOTION OF THE PARTIES to the above entitled action; upon such other oral and documentary evidence or argument as was presented to the Court on July 13, 2010 at 10:00 a.m. at the hearing of the parties' Joint Stipulation on Discovery Dispute re Plaintiffs' Motion to Compel from Defendant County of Los Angeles Further Responses, and Production of Documents, to Plaintiffs' First Request for Production of Documents, the Honorable Margaret A. Nagle, Magistrate Judge Presiding; after due consideration of all of the relevant pleadings, papers, and records in this action; pursuant to Federal Rule of Civil Procedure 26(c); and Good Cause appearing therefore,

///

///

The Court hereby GRANTS the Protective Order requested by Defendants DETECTIVE ARIAS and COUNTY OF LOS ANGELES (hereafter "County") (collectively "Defendants") regarding Confidential Documents, as defined below. Accordingly,

IT IS HEREBY ORDERED that the production, disclosure, sharing, publication, reviewing, copying, retention, and/or dissemination of any and all Confidential Documents, as defined below, shall be prohibited except as specified under the following terms and conditions:

1. The parties, in the production or disclosure of documents, records, or tangible things in this case (hereafter "documents") may designate certain documents as "Confidential," including but not limited to the following:

    (a) Photographic show ups;

    (b) Field interview cards;

    (c) LACRIS printouts;

    (d) DMV printouts;

    (e) Handwritten notes of County personnel;

    (f) Transcripts and audio recordings of witness interviews;

    (g) Search and Arrest Warrants; and

    (h) Any other documents contained in the files maintained by the County (collectively hereafter "Confidential Documents").

2. The parties may designate documents as Confidential Documents either by marking the individual documents as being "Confidential," or by enclosing with the documents such party intends to be treated as Confidential Documents hereunder written disclosures or discovery responses or correspondence identifying the enclosed documents as "Confidential," or by enclosing a copy of this Protective Order with the documents such party intends to be treated as Confidential Documents hereunder. The preferred method of designating documents as Confidential Documents is to employ all of the aforementioned means of designation, but such is not required hereunder.

Hereafter, a party who has designated documents as Confidential Documents shall be referred to as the "producing-disclosing party [or counsel]" and the party to whom such documents are produced or disclosed shall be referred to as the "recipient party [or counsel]."

3. Attorneys for the parties to the above entitled action shall personally secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth below, and for no other purpose.

4. Confidential Documents shall be used only in preparation for the above entitled action, up to and including the completion of judicial proceedings, as well as any appellate phase of this action, and *not* for any other purpose, including any other litigation, and may *not* be disclosed or disseminated to any other persons, including to any other counsel other than as set forth in this Protective Order; provided, however, that after the discovery stage, an appropriate showing has been made to the District Judge before trial that any Confidential Documents do not become public.

5. This Protective Order shall not be construed as a waiver by any defendant of any objection, on any basis, related to documents that have not yet been produced or disclosed by that defendant, including but not limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, or the right to Privacy under the United States Constitution, the California Constitution, or any other applicable state or federal authority.

6. This Protective Order shall not be construed as a stipulation by any plaintiff that any privilege asserted by any defendant regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all plaintiffs, by and through their undersigned counsel, agree to abide by the terms of this Protective Order and to maintain such documents' confidentiality pursuant to the terms

of such order.

7. Confidential Documents produced or disclosed shall be in the sole custody of recipient counsel, who shall be prohibited from releasing or disseminating, to any other persons - including but not limited to legal counsel - any or all such Confidential Documents produced or disclosed, except as specifically delineated in this Protective Order.

8. Recipient counsel may make copies of Confidential Documents produced or disclosed to them by producing-disclosing counsel, but shall likewise be prohibited from releasing or disseminating such copies other than as set forth in this Protective Order.

9. Confidential Documents may be submitted in all law and motion proceedings up to the commencement of trial if done so pursuant to Local Rule 79-5 and 79-5.1 which states:

> Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.

The parties agree to seek guidance from the District Judge at the time of trial regarding the procedure for lodging or filing of these documents under seal should plaintiff seek to submit or use the Confidential Documents identified in Paragraph 1 as exhibits. Though this Protective Order does not apply to the handling of documents as exhibits after the commencement of trial, plaintiffs agree not to file or lodge the documents with the Court until the guidance from the District Judge on this issue is obtained. Further, any request to file Confidential Documents under seal in proceedings before the District Judge shall be made to the District Judge .

10. Notwithstanding the procedure set for in paragraph 9 above, the parties agree to meet and confer regarding the confidentiality of documents, and the necessity for filing such documents under seal, prior to any motion(s) or other filings that may otherwise require the use or attachment of Confidential Documents. Within ten (10) days of service upon plaintiff(s) of any defendant's disposition motion, plaintiff(s) will notify the defendants of any document(s) that plaintiff(s) intend(s) to file in response to such dispositive motion filed by defendant(s). Should any defendant(s) dispute whether the document(s) is/are legitimately responsive to such dispositive motion(s), within ten (10) days of such notice by plaintiffs, defendant(s) shall seek guidance from the Court as to whether such documents should be filed under seal. In such an event, the parties agree to continue the hearing date of such dispositive motion for a sufficient time to allow the Court to determine the issue of whether such document(s) should be filed under seal.

Further, the recipient party who wishes to offer into evidence at trial any Confidential Documents shall provide to the producing-disclosing party thirty (30) days notice of its intent to offer such Confidential Documents into evidence so that the producing-disclosing party can make an appropriate showing to the District Judge that such Confidential Documents do not become public.

11. All disputes regarding this Stipulation and Protective Order shall be handled pursuant to United States District Court, Central District of California Local Rule 37-1 *et seq*. Recipient counsel will advise producing-disclosing counsel if they believe that any document(s) designated as Confidential Documents pursuant to this Protective Order do(es) not warrant such designation. The parties will attempt to resolve the issue pursuant to Local Rule 37-1 before submitting the issue to the Court. However, the parties will continue to treat the document(s) at issue as confidential and subject to this Protective Order until the Court rules upon the dispute.

///

///

12. Under this Protective Order, Confidential Documents produced or disclosed by producing-disclosing counsel to recipient counsel may be disseminated, released, copied, shared, or otherwise reproduced by recipient counsel *only* to the following persons:

(a) counsel for any party to this action;

(b) paralegal, stenographic, clerical and/or secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c) court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in the above entitled action, although such court personnel are not required to comply with the provisions of this Protective Order;

(d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties – provided that such expert or consultant understands and agrees to abide by the terms of this Protective Order;

(e) any "in-house" or outside experts designated by the Defendants to testify at trial in this matter; and/or

(f) any party or witnesses to this action – provided that such party or witness understands and agrees to abide by the terms of this Stipulation and Order.

13. This Protective Order only applies to materials not yet produced or disclosed in the above entitled action as of the date of execution of this Protective Order and does not apply retroactively to materials already produced or disclosed in this action.

14. If, in connection with any deposition taken in this action, counsel questions a witness regarding materials subject to this Protective Order, or use(s) Confidential Documents as deposition exhibits, at the request of producing-disclosing counsel, the transcripts of such deposition testimony, and the attached exhibits, shall be designated as Confidential Documents and shall be subject to the provisions of this Protective

Order.

15.   This Protective Order is *not* intended, and shall *not* be construed, to prevent officials or employees of the County, or other authorized government officials, from having access to any document(s) to which such officials or employees would have had access in the normal course of their job duties.

16.   All those permitted by a recipient party to review any Confidential Documents must be informed of the terms of this Protective Order and must agree to abide by such before the recipient party may produce or disclose such documents to such person(s); provided, however, that court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in the above entitled action, are not required to comply with the provisions of this Protective Order.

17.   The provisions of this Protective Order shall be in effect until further Order of the Court or further written Stipulation by counsel for the parties; provided, however, that after the discovery stage, an appropriate showing has been made to the District Judge before trial that any Confidential Documents do not become public.

18.   Confidential Documents shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any person other than as specified in this Protective Order, and shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any member of the press or news or entertainment media under any circumstances.

19.   At the conclusion of the legal proceedings in the above entitled matter, each person or entity – except court personnel – who has received any Confidential Document(s), or any copy thereof, and who is not the producing-disclosing party, shall return all such Confidential Documents to the producing-disclosing counsel; provided, however, that after the discovery stage, an appropriate showing has been made to the District Judge before trial that such Confidential Documents do not become public. No recipient party or counsel may retain any Confidential Documents, or copies thereof, or

permit any person or entity to whom the recipient party provided such document(s) to retain any Confidential Documents, after legal proceedings in the above entitled matter have concluded.  All counsel in the above entitled action specifically agree not to cause or knowingly permit any disclosure or production of any Confidential Document(s), or the contents thereof, except as permitted by the terms of this Protective Order.

20. No electronic copies of any Confidential Document(s) may be made by any recipient party or counsel.

21. Any restriction or obligation of this Protective Order that applies to any recipient party likewise applies to any recipient counsel, and vice versa.

**IT IS SO ORDERED.**

DATED: July 26, 2010

*Margaret A. Nagle*
Margaret A. Nagle
United States Magistrate Judge

Respectfully submitted,

Eugene P. Ramirez, Esq. (SBN 134865)
Martin Kosla, Esq. (SBN 247224)
**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@mmker.com; mxk@mmker.com

Attorneys for Defendant
DETECTIVE ARIAS and COUNTY OF LOS ANGELES